UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM SEAN LAUBSCHER,<br><br>        Petitioner<br><br>    v.<br><br>WARDEN OF CLINTON COUNTY CORRECTIONAL FACILITY, *et al.*,<br><br>        Respondents. | CIVIL ACTION NO. 3:24-CV-00768<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

This is a *pro se* habeas corpus action arising under 28 U.S.C. § 2254, initiated upon the filing of the original Petition in this matter by Petitioner William Sean Laubscher ("Laubscher") on May 7, 2024. (Doc. 1). Laubscher seeks relief from his underlying criminal conviction entered in the Court of Common Pleas of Clinton County on March 18, 2024. The petition has been given preliminary consideration, and for the reasons discussed below, will be dismissed without prejudice because Laubscher has failed to seek a direct appeal of his conviction or file a petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"). *See* Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. Foll. § 2254.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

On March 18, 2024, the Court of Common Pleas of Clinton County sentenced Laubscher to a term of imprisonment from ten to twenty-four months relating to simple

assault and terroristic threats with the intent to terrorize another. *See Commonwealth v. Laubscher*, No. CP-18-CR-0000451-2022 (Ct. C. Pl. Clinton Cnty.)[1].

In his Petition, Laubscher raised ineffective assistance of counsel, perjury, and malice prosecution. (Doc. 1, at 2.) However, he states that he has not appealed his conviction or proceeded with a PCRA petition. (Doc. 1, at 2.) A review of the docket in the underlying criminal claim demonstrates that Laubscher has not sought any appeal of his underlying conviction in states court or south relief under the PCRA. *See Commonwealth v. Laubscher*, No. CP-18-CR-0000451-2022 (Ct. C. Pl. Clinton Cnty.).

## II.     RULE 4 STANDARD

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  A preliminary review reveals that the petition is subject to dismissal.

## III.    DISCUSSION

A federal court may not grant a writ of habeas corpus on a claim brought by an individual in custody pursuant to a state court judgment unless: (1) "the applicant has exhausted the remedies available in the courts of the State;" (2) "there is an absence of available State corrective process;" or (3) "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(A), (b)(1)(B); *see also*

---

[1] The court relies upon an electronic search of the Unified Judicial System of Pennsylvania Web Portal, https://ujsportal.pacourts.us/CaseSearch to identify the current status of the underlying state court case.

2

*Wilkerson v. Sup't Fayette SCI*, 871 F.3d 221, 227 (3d Cir. 2017). Section 2254(c) provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Thus, when a state prisoner has failed to exhaust the legal remedies available to him in the state courts, federal courts will typically refuse to entertain a petition for writ of habeas corpus. *Whitney v. Horn*, 280 F.3d 240, 250 (3d Cir. 2002). It is the petitioner who bears the burden of establishing the exhaustion requirement has been satisfied. *See Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000).

"[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To satisfy the exhaustion requirement, a petitioner must invoke "one complete round" of the applicable state's appellate review process, thereby giving the courts of that state "one full opportunity" to resolve any issues relevant to such claims. *Id.* at 845 (holding that a petitioner must present every claim raised in the federal petition to the state's trial court, intermediate appellate court, and highest court before exhaustion is considered satisfied). To "fairly present" a claim, the petitioner must present his or her "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999).

Seeing as Laubscher has failed to exhaust the remedies available in the courts of the State pursuant to 28 U.S.C. § 2254(b)(1), the Court will dismiss the petition without prejudice to Laubscher filing a petition following proper exhaustion.

### IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the disposition of this case debatable. Accordingly, there is no basis for the issuance of a certificate of appealability.

### V. CONCLUSION

Based on the foregoing, Laubscher's Petition is **DISMISSED** without prejudice. An appropriate Order follows.

Dated: May 20, 2024

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**